```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

ROBERT F. HALLMAN,              §
                                §
         Petitioner,            §
                                §
v.                              §     Civil No.4:22-CV-085-Y
                                §
BILL WAYBOURN, Sheriff,         §
Tarrant County, Texas,          §
                                §
         Respondent.            §

OPINION AND ORDER DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner, Robert F. Hallman, a prisoner in the Tarrant County jail, against the person responsible for his custody, Sheriff Bill Waybourn, Respondent. After having considered the pleadings and relief sought by Hallman, the Court has concluded that the petition should be **DISMISSED** for the reasons set out below.

**I. Background and Procedural History**

Petitioner Hallman was convicted in case number 1548964R in Criminal District Court Number 1, Tarrant County, Texas, on September 20, 2018, of the following: two counts of aggravated sexual assault of a child under fourteen years of age; two counts of indecency with a child by contact; and one count of sexual

assault of a child under seventeen. (Am. Pet. 6-7, doc. 6.)[1] Hallman filed an appeal in the Second Court of Appeals of Texas, Fort Worth, and the appellate court, finding that the State had failed to comply with Article 39.14 of the Texas Code of Criminal Procedure relating to pre-trial disclosure of certain evidence, reversed and remanded for a new trial. *Hallman v. State*, 603 S.W. 3d 178 (Tex. App.– Fort Worth, 2020, pet. granted). On the State's petition for discretionary review ("PDR"), however, the Texas Court of Criminal Appeals ("TXCCA"), noting the intervening issuance of *Watkins v. State*, 619 S.W. 3d 265 (Tex. Crim. App. 2021), vacated the judgment of the court of appeals and remanded the case back to the appellate court. *Hallman v. State*, 620 S.W. 3d 931, 931-32 (Tex. Crim. App. 2021). While that appeal was still on remand to the Fort Worth Court of Appeals, Hallman filed the instant § 2254 petition in this Court.(Pet. 1, doc. 1.) Subsequently, on June 16, 2022, the Fort Worth Court of Appeals again reversed Hallman's conviction and remanded the case to the trial court for a new trial. *See Hallman v. Texas*, 647 S.W. 3d 805, 809 (Tex. App.—Fort Worth 2022, pet. filed). On September 6, 2022, however, the State filed another PDR. *See Hallman v. State*, No. PD-0332-22 (Tex. Crim App.),available at https://search.txcourts.gov/Case.aspx?cn=PD-0332-22&coa=coscca. That PDR remains pending. *Id.*

---

[1]*See also Hallman v. Waybourn*, No. 4:20-CV-686-O (N.D. Tex. Feb. 10, 2021) (Opinion and Order at 1). The Court takes judicial of Hallman's prior habeas-corpus petition. *See* Fed. R. Evid. 201(b)(1) and (c)(1).

Hallman filed the instant petition under 28 U.S.C. § 2254 while he was housed in the Tarrant County jail, and he remains incarcerated there.[2]

## II. Grounds for Relief

Hallman asserts the following claims for relief:

1. The State violated *Brady* and failed to disclose material evidence.

2. The Texas appellate courts have unconstitutionally delayed the resolution of the petitioner's appeal.

3. The trial court erred by finding that the evidence suppressed by the State was not material.

4. The petitioner has been denied his right to develop a defensive theory due to false evidence, perjured, testimony, and the concealment of *Brady* evidence.

See Petition (doc. no. 6), p. 6-7.

## III. Analysis

### A. Ground Two – Unconstitutional Delay in Appeal

Hallman's second ground is that his appeal has been unduly and unconstitutionally delayed. (Am. Pet. 6, doc. 6.) The Court addresses this ground separately from grounds one, three and four. Specifically, Hallman complains:

Criminal appeal has been ongoing for over three years the

---

[2] https://inmatesearch.tarrantcounty.com/Home/Details?CID=0223112, (last searched March 30, 2023.

-3-

> Court of Criminal Appeals issued mandate for disposition 10 months ago on May 17, 2021, harm in trial caused reversal of conviction, once the Court of Criminal Appeals received jurisdiction dismissal of appeal should have occurred.

*Id.* But TXCCA did not hold that the petitioner's appeal should be dismissed. On the contrary, the Texas Court of Criminal Appeals ordered as follows:

> The court of appeals in this case did not have the benefit of the Court's opinion in *Watkins* [*v. State*, 619 S.W.3d 265 (Tex. Crim. App. 2021)]. We now vacate the judgment of the court of appeals and remand the case to that court for further consideration and disposition consistent with *Watkins*.

*Hallman v. State*, 620 S.W.3d at 931-32. The appeal was then sent back to the Second Court of Appeals. (Resp. Exhibit 1, p. 2-3, doc. 11.) As of now, the court of appeals has ruled, and the State has sought another Petition for discretionary review. Thus, Hallman's delay complaint can only now be a delay from the TXCCA. But the docket of the TXCCA reveals that the PDR was filed on September 6, 2022 and the case was just submitted on March 15, 2023, *see Hallman v. State*, No. PD-0332-22 (Tex. Crim App.),available at https://search.txcourts.gov/Case.aspx?cn=PD-0332-22&coa=coscca.

For the reasons stated by the respondent, there has been no substantial delay in processing Hallman's appeal, there is no prejudice to Hallman if he will ultimately be given a new trial, and because of comity considerations, Hallman's ground two must be dismissed without prejudice to giving the TXCCA a reasonable time to continue to consider Hallman's claims. (Resp. 3-8, doc. 11.)

**B.   Lack of Exhaustion**

In grounds one, three and four, Hallman asserts *Brady*-related violations, including failure to disclose material evidence, failure of the state court to find suppressed evidence was material, and denial of his right to develop a defense based upon use of false evidence, perjured testimony, and concealment of *Brady* evidence. (Am. Pet. 6-7, doc. 6.)

As noted above, the Second Court of Appeals has reversed Hallman's conviction. *See Hallman v. State*, 647 S.W.3d 805, 809 (Tex. App.—Fort Worth 2022, pet. filed). That decision is currently under review by the Texas Court of Criminal Appeals. Mandate has not yet issued. *Id.*  As a result, the Second Court of Appeals' decision is not yet final. *See Hartfield v. Thaler*, 403 S.W.3d 234, 239 (Tex. Crim. App. 2013)("As soon as mandate issued, Petitioner's conviction and sentence were vacated, our order for a new trial became final, and the case was returned to the point it would have been had there never been a trial." (emphasis added)). Therefore, at this time, Hallman's case is still on direct appeal.

It is well settled that state remedies must be exhausted prior to the presentment in federal court of post-conviction habeas-corpus petitions under 28 U.S.C. § 2254. This requirement is statutory. See 28 U.S.C. § 2254(b)-(c); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). In Texas, this exhaustion may be accomplished by properly filing an article 11.07 application for

writ of habeas corpus in the Texas Court of Criminal Appeals. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); see also Tex. Code Crim. Proc. art. 11.07. Therefore, because Hallman's case is currently on direct appeal, he has failed to exhaust his state remedies. *See id.* Thus, a ruling from this Court at this juncture would preempt the state courts from performing their proper function. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (The exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of sate judicial proceedings."). Hallman's grounds one, three, and four must be dismissed for lack of exhaustion.

**C.    If Mandate Issues Hallman's Grounds will be Moot**

In its ruling reversing Hallman's conviction, the Second Court of Appeals expressly ordered a new trial on the basis that the trial court erred in denying his motion for mistrial when the State failed to timely disclose evidence. *Id*. at 843. *See Hallman*, 647 S.W.3d 809, 843. These facts are the basis for the claims raised in Hallman's amended petition for writ of habeas corpus. (Am. Pet. 6-7, doc. 6.)

"Mootness, of course, is a fundamental bar to judicial review that must be accounted for at all stages of a proceeding, and applies in habeas as in any other type of litigation[.]" *Jackson v. Vannoy*, 981 F.3d 408, 416 (5th Cir. 2020)(quotation omitted). Here,

if mandate issues, the Second Court of Appeals' decision will be final, and Hallman will have already received the relief to which he is entitled based on the claims he has made: a new trial. *See Hallman*, 647 S.W.3d at 805. And the appeal would be moot. Therefore, Hallman's grounds, including his complaint that the appeal has been improperly delayed, will become moot if mandate issues in this case.

## IV.  CONCLUSION

While the Second Court of Appeals has reversed Hallman's conviction, the case remains on direct appeal. The State of Texas is currently asking the TXCCA to review the Second Court's decision so mandate has not issued in Petitioner's direct appeal. Until then, Hallman's claims are unexhausted and must be dismissed without prejudice. Likewise, if the Texas Court of Criminal Appeals refuses to review the Second Court of Appeals' decision, and the Second Court's decision becomes final by issuance of the mandate, Hallman will be given a new trial on the basis of the claims he has raised in this federal petition. Therefore, Hallman's claims will be moot.

For the reasons discussed, petitioner Robert F. Hallman's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED without prejudice**.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Hallman has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED April 3, 2023.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE